CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

June 29, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **CHAD ALLEN REEVES,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26CV00027 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RICHARD VAUGHAN, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Chad Allen Reeves, Pro Se Plaintiff; Nathan H. Schnetzler, FRITH ANDERSON + PEAKE, P.C., Roanoke, Virginia, for Defendants Richard Vaughan and David Ashby.*

The plaintiff Chad Allen Reeves filed this action under 42 U.S.C. § 1983 against former Grayson County, Virginia, Sheriff Richard Vaughan and Deputy Sheriff David Ashby. Reeves asserts that Vaughan and Ashby violated his federal rights in connection with a state prosecution for murder which ended with his acquittal in 2015. Vaughan and Ashby have now moved to dismiss the claims as time barred. The motion will be granted and Reeves's complaint will be dismissed.[1] I find that the claims are barred by the applicable statute of limitation.

---

[1] Reeves also named Grayson County as a defendant, but it has not appeared. Reeves filed a Proof of Service, Dkt. No. 5, showing that he personally served the County Administrator on February 10, 2026, but under the rules, service may not be made by a party to the lawsuit, such as Reeves. Fed. R. Civ. P. 4(c)(2); Va. Code Ann. § 8.01-293(a)(2).

I.

In 2014 Reeves was indicted on state first-degree murder charges for a homicide that had occurred in 2002. Reeves was acquitted of the murder by a jury in 2015. Reeves now alleges that during the criminal prosecution, Sheriff Vaughan elicited fabricated statements from witnesses, induced cooperation from a witness in exchange for leniency, and pressured Reeves into providing false statements during a recorded interview. Reeves also asserts that Vaughan and Deputy Sheriff Ashby refused to provide a copy of the recording, despite prior agreement to do so, and that Vaughan falsely claimed that the recording had been destroyed during the copying process.[2]

Reeves contends that, following his acquittal, defendant Vaughan engaged in a practice of discouraging officials and members of the public from associating with Reeves's restaurant and HVAC business. For example, Reeves alleges that at some unspecified date, defendant Vaughan told someone not to use Reeves's HVAC services because "Chad does bad HVAC work" and that he was "not going to sleep until [Reeves was] back in jail." Compl. ¶ 23, Dkt. No. 1. He also alleges that defendant Vaughan told someone not to attend an event at Reeves's restaurant; made statements that falsely portrayed Reeves and his business as being tied to murder;

---

[2] Reeves's sole allegation against defendant Deputy Sheriff Ashby is this spoliation claim.

-2-

told a deputy sheriff that the first person to put Reeves back in jail would receive a steak dinner; directed a deputy to rescind a request made to Reeves regarding contribution to a police calendar; instructed Reeves to "keep [his] mouth shut," *id*. ¶ 47; pressured the Commonwealth's Attorney to file charges against Reeves; conspired to unlawfully divert funds collected as part of the homicide investigation; and exploited the murder case to secure reelection. *Id.* ¶ 25–42.

On February 6, 2026, Reeves filed this action requesting relief on the following claims: "Fourteenth Amendment Due Process; Brady/Giglio; Retaliatory Prosecution; First Amendment Retaliation; Interference with Livelihood; Monell Liability; § 1983 Conspiracy; and State-Law Ultra Vires claims." Compl. § IX, Dkt. No. 1. On March 3, 2026, Vaughan and Ashby jointly moved to dismiss the claims against them. Dkt. No. 8. The motion to dismiss has been fully briefed and is ripe for review.

II.

To survive a motion to dismiss, a complaint must contain sufficiently detailed facts, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is

"more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A complaint must contain more than bare assertions and legal conclusions. *Twombly*, 550 U.S. at 555–56. "[C]ourts are obligated to liberally construe pro se complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) (citation modified). Liberal construction, however, "does not require [ ] courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Resolving a motion to dismiss does not typically resolve factual contests, merits of a claim, or applicability of defenses. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020). Yet if all the facts necessary to rule on an affirmative defense such as the bar of the statute of limitations appear within the complaint, then the defendant may bring a 12(b)(6) motion to raise the defense. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).[3]

State law governs the proper statute of limitations for personal injury actions brought pursuant to § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Virginia law, personal injury actions must be brought within two years from when

---

[3] Moreover, anticipating a limitations defense, Reeves responded to it in his complaint. Compl. ¶¶ 45–51, Dkt. No. 1.

the cause of action accrued.  Va. Code Ann. § 8.01-243(A).   When an action accrues under § 1983 is a question of federal law.  *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975) ("[T]he time of accrual is when [the] plaintiff knows or has reason to know of the injury which is the basis of the action.").

The defendants argue that all claims related to the criminal prosecution occurred over 10 years ago and are thus barred.  Reeves asserts an equitable tolling defense because he was prevented from pursuing legal action earlier.

Under certain circumstances, the statute of limitations may be tolled.  Such equitable tolling is considered an "extraordinary remedy," and places a "considerable burden" upon litigants to show that tolling is appropriate.  *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015). Accordingly, equitable tolling is available only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  A plaintiff must also demonstrate "that he has been pursuing his rights diligently," and that "some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (internal quotation marks and citation omitted).

Here, Reeves argues that he was deterred from filing this action because of a threat from defendant Vaughan. Reeves asserts that, after his acquittal, defendant Vaughan instructed him to keep his mouth shut, which Reeves interpreted as a threat to not seek accountability. But I do not find this to be an extraordinary circumstance justifying Reeves's decision to wait over 10 years to file suit. In addition, he has failed to show that he exercised any due diligence in pursuing his rights. I thus find that it would not be appropriate to equitably toll the limitations period back to the criminal prosecution of Reeves. Additionally, because the sole claim against codefendant Ashby concerns the alleged destruction of evidence related to Reeves's criminal prosecution, defendant Ashby is also entitled to the limitations bar.

Reeves also contends that the statute of limitations here must be tolled under the continuing violations doctrine. According to the continuing violations doctrine, "when a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a 'continuing violation' for which the statute of limitations runs anew with each violation." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). In any event, "continual unlawful acts are distinguishable from the continuing ill effects of an original violation because the latter do not constitute a continuing violation." *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011). Reeves alleges that after his acquittal, defendant Vaughan engaged in the conduct described in the

-6-

complaint and related above. But aside from failing to describe when this conduct occurred, I find that the conduct is so different in kind and degree so as not to constitute continuing violations.

### III.

Reeves does not assert a claim for defamation against defendant Vaughan in his complaint but seeks to raise one in his response to the defendants' motion to dismiss. The defendants correctly point out that a response is not the place to raise new claims. But even if I were to grant leave for Reeves to file an amended complaint asserting a defamation claim, I would also dismiss it, based on the factual allegations made in his complaint and in his response.

As an initial matter, defamation claims arise out of state law, while § 1983 actions concern vindication of rights arising out of federal law. *See Paul v. Davis*, 424 U.S. 693, 701 (1976) (finding that defamation alone is insufficient to state a § 1983 claim absent a showing that it caused injury to a constitutionally protected right). Here, Reeves asserts that defendant Vaughan's alleged statements implicate his First and Fourteenth Amendment rights.

Reeves has failed to plausibly allege any injuries to his First Amendment rights. He also asserts that defendant Vaughan's conduct violates his liberty interest under the Due Process Clause of the Fourteenth Amendment. To determine whether reputational harm constitutes an actionable claim under the Fourteenth Amendment,

-7-

courts in the Fourth Circuit have looked to whether "the defendant's defamatory statements have so damaged a plaintiff's reputation that the plaintiff is unable to find employment or have otherwise created a bar that prevents the plaintiff from practicing his or her profession." *Shelton-Riek v. Story*, 75 F. Supp. 2d 480, 488 (M.D.N.C. 1999).

Vaughan's alleged statement that "Chad does bad HVAC work" is an opinion, which is constitutionally protected speech that cannot serve as the basis of a defamation claim. *Lewis v. Kei,* 708 S.E.2d 884, 891 (Va. 2011). Moreover, even if Vaughan suggested that Reeves's restaurant was "tied to a murder," Mem. Opp'n to Mot. to Dismiss 21, Dkt. No. 11, Reeves has not alleged the type of reputational harm that would lead to an actionable defamation claim under § 1983. *Cf. Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (explaining that an "action which inflicts a stigma on the reputation of a plaintiff causing that plaintiff hardship in obtaining employment . . . does not rise to the level of a constitutional deprivation.") (citing *Davis*, 424 U.S. at 701); *Johnson v. Morris*, 903 F.2d 996, 1000 (4th Cir. 1990) (a limitation on advancing in one's job resulting from public announcements regarding reasons for demotion is insufficient to state a claim for deprivation of a liberty interest in reputation); *Rogers v. Berger*, 682 F. Supp. 302, 304 (W.D. Va. 1988) (finding that an attorney's loss of clients is not sufficient to claim deprivation

of liberty because there is no legal right to the patronage of clients and the plaintiff's status as an attorney had not been altered).[4]

IV.

For the reasons discussed above, the Motion to Dismiss, Dkt. No. 8, is GRANTED.[5]

A separate Judgment will be entered herewith.

ENTER:  June 29, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

[4] Even if the defamation claim was a free-standing one, relying solely on state law, and not on § 1983, I would still dismiss it.  The statute of limitations for defamation under Virginia law is one year.  Va. Code Ann. § 8.01-247.1.  The only defamation accusation against Vaughan which is dated involves his testimony in 2024 opposing Reeves' application for a liquor license, which would still be untimely.

[5] As noted, Reeves also named Grayson County as a defendant.  I find that the complaint states no lawful claim against it under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), or any other ground.  A sheriff is an independent officeholder, not under the supervision of any county or city, and his deputies are the sheriff's employees and not local employees.  *Roop v. Whitt*, 768 S.E.2d 692, 695–96 (Va. 2015).  I will sua sponte dismiss the claims against Grayson County.